*People v Pierce*, 303 AD2d 966 [2003], *lv denied* 100 NY2d 565 [2003]).

Contrary to the further contention of defendant, we conclude that County Court properly denied his motion seeking to sever the drug possession count from the count of criminal possession of a weapon in the third degree, inasmuch as the cocaine and gun possession were part of the same criminal transaction at the time of defendant's arrest on May 29, 2006 (*see* CPL 200.20 [2] [a]). In addition, based on the evidence that the same weapon was used in the incidents at Tony's Ranch House and the Groove Nightclub, we conclude that the "chain of joinder" was then properly extended to the robbery, murder and attempted murder counts arising out of those incidents (CPL 200.20 [2] [d]). With respect to the conviction of two counts of murder in the first degree, defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence inasmuch as the People did not offer proof of his age (*see People v Kleinhans*, 236 AD2d 790, 791 [1997], *lv denied* 89 NY2d 1096 [1997]; *see generally People v Gray*, 86 NY2d 10, 19 [1995]). Defendant failed to move for a trial order of dismissal with respect to those counts that was " 'specifically directed' at the alleged error" (*Gray*, 86 NY2d at 19).

We have considered the remaining contentions in defendant's pro se supplemental brief, and we conclude that they are either unpreserved or without merit. Present—Scudder, P.J., Hurlbutt, Smith and Carni, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES T. TAMBURRINO, Appellant. (Appeal No. 1.) [890 NYS2d 887]

Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES T. TAMBURRINO, Appellant. (Appeal No. 2.) [890 NYS2d 888]

Present—Hurlbutt, J.P., Smith, Fahey and Carni, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH T. LOMBARDI, Appellant. [893 NYS2d 400]—

Memorandum: On appeal from a judgment convicting him upon a jury verdict of felony driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]; § 1193 [1] [c] [former (i)]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), defendant contends that he was denied a fair trial based on prosecutorial misconduct. Defendant preserved his contention for our review only with respect to one comment on cross-examination and two comments on summation, and we conclude that those comments were not so egregious as to deny defendant a fair trial (see People v Rivera, 281 AD2d 927 [2001], lv denied 96 NY2d 906 [2001]). Furthermore, County Court sustained defendant's objections to those comments and issued curative instructions that the jury is presumed to have followed (see id.). Defendant failed to preserve for our review his contention with respect to the remaining instances of alleged prosecutorial misconduct on summation (see CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

Defendant also failed to preserve for our review his contention that the court penalized him for exercising his right to trial by imposing a harsher sentence than that included in the pretrial plea offer (see People v Griffin, 48 AD3d 1233, 1236-1237 [2008], lv denied 10 NY3d 840 [2008]; People v Tannis, 36 AD3d 635 [2007], lv denied 8 NY3d 927 [2007]). In any event, that contention is without merit. " '[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished